LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**Mailing Address:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

FILED
08 APR 21 AM 10: 17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY D'ANGELO | CASE NO. '08 CV 0718 JAH LSP |
| Plaintiff, | **COMPLAINT FOR EQUITABLE RELIEF PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT** |
| v. | |
| DONALD C. WINTER, SECRETARY OF THE NAVY, | |
| Defendant. | |

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 USC §1331. This is a civil action arising under a law of the United States; to wit, the Administrative Procedure Act.

## PARTIES

1. Timothy D'Angelo [hereinafter "Plaintiff"] is employed as a Branch Exchange Manager with the Department of the Navy's Navy Exchange; and at all times relevant to this action he has been employed in the County of San Diego, California.

2. The Secretary of the Navy – presently Donald C. Winter – is an appropriate defendant in this action under the Administrative Procedure Act.

## CAUSE OF ACTION

3. In a memorandum dated 13 February 2008 [hereinafter "suspension memorandum"] Tom Jacobsen, a Navy Exchange General Manager in San Diego [hereinafter "Jacobsen"], confirmed an emergency suspension without pay that was verbally given to Plaintiff the previous day. The emergency suspension was indefinite. Neither the verbal advice on February 12 nor the suspension memorandum contained any charges against, or conduct by, Plaintiff that provided a basis for the suspension.

4. The suspension memorandum also stated, "[i]n the event this emergency suspension without pay extends beyond 30 calendar days from its effective date, you have a right to appeal this action in accordance with [the Navy Exchange Manual, Vol. 3, Pub 145, Chapter V]."

5. On March 21, 2008, since his emergency suspension without pay was still in effect and had extended beyond 30 calendar days, Plaintiff appealed the suspension.

6. By memorandum dated 04 April 2008, Jacobsen responded to Plaintiff's appeal by denying the appeal. In Jacobsen's 04 April memorandum Plaintiff was also, for the first time, advised of the alleged acts, without dates or other details, on which the suspension was based.

7. Plaintiff responded to Jacobsen's denial of his appeal by letter dated April 8, 2008. In that letter Plaintiff, by his attorney, expressed the understanding that the applicable provisions of the Navy Exchange Manual granted Plaintiff an appeal process that includes the right to be advised of the conduct and documents on which the suspension was based, and the right to respond to the same, prior to a decision being made on the appeal. The letter requested that, if this understanding was in error, on or before April 14, 2008, Plaintiff's attorney receive a copy of the Navy Exchange Manual provision that grants the Navy Exchange the right to "deny" Plaintiff's appeal without first (i) advising him of the charges and evidence against him, and (ii) considering Plaintiff's statements and evidence in opposition to the suspension. Having received no response from Jacobsen by April 21, Plaintiff commenced this federal court action.

8. As of the date on which this federal court complaint is filed Plaintiff's suspension without pay continues.

9. The denial of Plaintiff's appeal violated both SECNAVINST 5300.22C, and the Navy Exchange Manual provisions promulgated thereunder. The denial also violated Plaintiff's constitutional rights to equal protection and due process.

10. The denial of Plaintiff's appeal, in the manner noted herein above, was a final agency action for which there is no other adequate remedy in court.

11. Also, placing Plaintiff on a suspension without pay, and continuing that suspension for over 60 days without proposing or taking any disciplinary action against him, were, and are, arbitrary and capricious actions, and abuses of discretion, for which there is no other adequate remedy in court.

12. Plaintiff has suffered legal wrongs because of the Navy Exchange's actions of suspending him without pay, and denying his appeal, as set forth herein above. Plaintiff also has been adversely affected and aggrieved by said actions. Accordingly, Plaintiff is entitled to judicial review of said actions pursuant to the Administrative Procedure Act [5 USC §§702-706]. Plaintiff is also entitled to equitable relief, including but not necessarily limited to, a mandatory injunction ordering the Navy Exchange to (i) vacate Plaintiff's suspension without pay forthwith, (ii) within seven (7) calendar days after entry of the injunction initiate any disciplinary action intended to be taken against Plaintiff, based on the conduct alleged to have supported the suspension, pursuant to the applicable provisions of the Navy Exchange Manual, and (iii) exclude Jacobsen from any involvement in any such disciplinary action.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a mandatory injunction ordering the Navy Exchange to:

(a) vacate Plaintiff's suspension without pay forthwith,

(b) within seven (7) calendar days after entry of the injunction initiate any disciplinary action intended to be taken against Plaintiff, based on the conduct alleged to have supported the suspension, pursuant to the

applicable provisions of the Navy Exchange Manual, and

(c) exclude Jacobsen from any involvement in any such disciplinary action.

2. For this Court to retain jurisdiction over this matter until any such disciplinary action against Plaintiff, including any appeal thereof, has been concluded.

3. For such other and further relief, other than money damages, that this Court deems just and proper.

Dated: April 21, 2008.

LLOYD EDWARD TOOKS

Attorney for Plaintiff
TIMOTHY D'ANGELO

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149982 - MS**

**April 21, 2008**
**10:17:53**

**Civ Fil Non-Pris**

USAO #.: 08-CV-0718-JAN
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: BC1399

**Total-> $350.00**

FROM: TIMOTHY D'ANGELO
V. DONALD C. WINTER

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 APR 21 AM 10: 20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**I. (a) PLAINTIFFS**
TIMOTHY D'ANGELO

**(b)** County of Residence of First Listed Plaintiff SAN DIEGO, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lloyd Edward Tooks, Attorney At Law, P.O. Box 153096, San Diego, CA 92195 (619) 264-6895

**DEFENDANTS**
DONALD C. WINTER, Secretary of the Navy

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0718 JAH LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
The Administrative Procedure Act

Brief description of cause:
Navy Exchange employee seeks relief from indefinite suspension in violation of Navy regulations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ NONE

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
04/21/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 149982 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

MS 4/21