LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**Mailing Address:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY D'ANGELO<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER, SECRETARY OF THE NAVY,<br><br>Defendant. | CASE NO. 08 cv 0718-JAH (LSP)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. John A. Houston<br>Hearing date : June 30, 2008<br>Hearing time : 2:30 p.m. |

## INTRODUCTION

On February 12, 2008, Timothy D'Angelo ("Plaintiff") was placed on an indefinite suspension without pay from his employment with the Navy Exchange. He was not advised of any conduct or misconduct upon which the suspension was based. When the suspension exceeded 30 days Plaintiff attempted to appeal it and clear his name of whatever charges might have been asserted against him. However, the Navy Exchange denied his appeal.

Plaintiff has been aggrieved and adversely affected by the unpaid suspension from February 12, 2008, to date [May 12] – nearly three months. During that time the Navy Exchange has not initiated any formal disciplinary action against him, or given him an

opportunity to review any documents alleged to support the suspension, or given him an opportunity to submit a response to any allegations or charges against him. We respectfully submit that this treatment of Plaintiff is not only arbitrary and capricious, it rises to the level of being unconscionable, and a denial of due process. Moreover, the Navy Exchange failed to follow its own regulations when it engaged in this treatment of Plaintiff.

By this action, and the pending summary judgment motion, Plaintiff seeks a judgment that would order the Exchange to return him to a "pay" status, and pursue any disciplinary action against him that is deemed merited, forthwith. Thereby, Plaintiff asks this Court to order relief expressly authorized in the Administrative Procedure Act ("APA"); to wit, "(1) compel agency action unlawfully withheld or unreasonably delayed [,] and (2) hold unlawful and set aside agency action [that is, among other things] (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (5 USC §706).

## FACTS

Plaintiff's motion for summary judgment is based on the following undisputed facts.

1. Plaintiff is employed with the Navy Exchange, and he has been so employed since 1999. Separate Statement of Material Facts In Support of Plaintiff's Motion For Summary Judgment ("SSMF") Fact No. 2.

2. In a memorandum dated 13 February 2008, the Navy Exchange confirmed that Plaintiff had been placed on an emergency indefinite suspension without pay, but did not tell him what conduct or action on his part prompted the suspension. SSMF Fact No. 3.

3. The suspension without pay continued for a period in excess of thirty (30) days, and the Navy Exchange neither advised Plaintiff of the conduct on which the suspension was based nor disclosed to him any documents that allegedly supported the suspension. SSMF Fact No. 7.

4. On March 21, 2008, Plaintiff appealed his suspension. SSMF Fact No. 5.

5. By memorandum dated April 4, 2008, the Exchange advised Plaintiff of its "decision to deny [Plaintiff's] appeal." SSMF Fact No. 6.

6. On April 8, 2008, Plaintiff made a written request asking the Navy Exchange to provide a copy of any provision of the Exchange regulations that permitted the Exchange to "deny" an appeal in the manner that Plaintiff's appeal had been denied. SSMF Fact No. 8.

7. When the Navy Exchange did not respond to the aforementioned April 8 request, or otherwise communicate with Plaintiff following the request, Plaintiff commenced this court action on April 21, 2008. SSMF Fact No. 9.

## POINTS AND AUTHORITY

### A. Summary Judgment Standard.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure the two prerequisites for granting summary judgment are "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See also *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).

### B. Administrative Procedure Act.

The right of judicial review requested by Plaintiff in this court action is described in the APA as follows: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof" (5 USC §702). The "scope of review" is set forth in §706, and begins, "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."

### C. Undisputed Agency Action And Applicable Law.

1. Plaintiff Has Been Denied Due Process.

The suspension of Plaintiff without pay "infringes on a protected property interest and thus triggers due process protections" (*Mustafa v. Clark County School District*, 157 F.3d 1169, 1177, n. 8 (9th Cir. 1998). See also, *Qualls v. Cook*, 245 Fed.Appx., 2007 WL

2326163, **2 (9th Cir. 2007); *Gilbert v. Homar*, 117 S.Ct. 1807, 1811 (1977). The Navy Exchange violated Plaintiff's constitutional right to due process in ways, and for reasons, that include, but are not necessarily limited to, the following:

(a) The February 13, 2008 memorandum confirming his suspension did not include the conduct or action on Plaintiff's part that prompted the suspension. See *Mustafa, supra* at 1172 ("The Notice [of suspension] set forth M.'s allegations of sexual misconduct [on which the suspension was based]).

(b) The Navy Exchange denied Plaintiff's appeal of his suspension without (i) advising Plaintiff of the conduct or action on his part that prompted his suspension, (ii) granting Plaintiff the opportunity to submit documentary evidence and a written response to the claims or allegations on which the suspension was based, and (iii) granting Plaintiff a post-suspension hearing [see *Gilbert, supra* at 1811 ("So long as the suspended employee receives a sufficiently prompt post-suspension hearing, the lost income is relatively insubstantial"); *Mustafa, supra* at 1177 ("Mustafa was promptly afforded a hearing five days following the suspension.")].

(c) The Navy Exchange violated Chapter V of its Manual in ways that include the following.

> (i) Since Plaintiff was suspended "for more than 30 days", he had to be given an "[o]pportunity to review all evidence relied upon to support the reasons for the [suspension]" (Plaintiff's Declaration, Exhibit E, p. 2). *Plaintiff was not given this opportunity.*
>
> (ii) "An emergency suspension without pay which extends for 31 calendar days or more may be appealed" (*Id*). *Plaintiff's appeal was denied without granting him the opportunity the submit written opposition to the suspension.*
>
> (iii) As part of an appeal, an employee has "[t]he right to one formal hearing, if the [employee] requests, to ascertain and consider the facts upon which the disciplinary action was taken and the reasons the [employee] feels the decision should be reversed. . . . The [employee] shall be given the opportunity to submit evidence and the testimony of witnesses, cross-examine witnesses, and present appropriate affidavits and depositions" (*Id* at p. 5). *Plaintiff was not given such a hearing*.

2. The Exchange Unreasonably Extended Plaintiff's Suspension Without Pay.

Two additional bases for this APA action, and the relief requested, are (a) the Navy Exchange unnecessarily placed Plaintiff on an indefinite suspension without pay rather than immediately initiating any formal disciplinary action deemed appropriate, and (b) the Exchange has unreasonably and unnecessarily extended Plaintiff's suspension without pay. One remedy expressly provided in the APA is "compel agency action unlawfully withheld or unreasonably delayed" (5 USC §706).

**D. Plaintiff Has Exhausted APA-Required Administrative Remedies.**

As noted above Plaintiff appealed his suspension, and his appeal was denied. Pursuant to the Navy Exchange Manual he was permitted, but not required, to pursue a second level of appeal. However, since pursuit of that second level of appeal was not a mandatory prerequisite to judicial review, and his suspension would not have become inoperative during such an appeal, Plaintiff was not required to pursue the second level of appeal prior to initiating this APA action. As the Supreme Court held in *Darby v. Cisneros*, 113 S.Ct. 2539 (1993), interpreting 5 USC §704:

> "[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review. Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become 'final' under [§704]" (at page 2548) (emphasis original).

See also *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997): "Although INS regulations allow a petitioner to appeal the revocation of preferential visas to the BIA, Young opted not to pursue this avenue of relief. Instead, she immediately sought redress in the district court. We conclude that an appeal to the BIA is not mandatory in these circumstances and that the district court properly exercised jurisdiction over this case without imposing any exhaustion requirements" (at 881); and *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1408 (9th Cir. 1996) ("*Darby* held that a person aggrieved by an agency decision is not required to exhaust nonmandatory administrative remedies, such as filing an optional appeal to a

superior agency authority, before seeking judicial review").

Again, in this case there is no statute that expressly required Plaintiff to pursue the second level of appeal prior to seeking this APA judicial review. Nor is there a Navy Exchange rule that (i) required Plaintiff pursue the second level of appeal, *and* (ii) made Plaintiff's suspension "inoperative" during said appeal.

## CONCLUSION

Based on the foregoing points and authority we respectfully submit that Plaintiff is entitled to a summary judgment ordering the Navy Exchange to, forthwith (i) return Plaintiff to a "pay" status, and (ii) initiate any disciplinary action deemed merited by the conduct upon which Plaintiff's suspension has been based.

Dated: May 12, 2008

LLOYD EDWARD TOOKS

s/**LLOYD EDWARD TOOKS**
Attorney for Plaintiff
Timothy D'Angelo