LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**Mailing Address:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY D'ANGELO<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER, SECRETARY OF THE NAVY,<br><br>Defendant. | CASE NO. 08 cv 0718-JAH (LSP)<br><br>**DECLARATION OF TIMOTHY D'ANGELO IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. John A. Houston<br>Hearing date : June 30, 2008<br>Hearing time : 2:30 p.m. |

I, TIMOTHY D'ANGELO, declare:

1. I am over the age of twenty-one (21) years, and I am the plaintiff in the above-entitled action.

2. I am employed with the Navy Exchange, and I have been so employed continuously since 1999. My present employment position with the Navy Exchange is Branch Exchange Manager.

3. On February 13, 2008, I received a memorandum from Navy Exchange General Manager Tom Jacobsen ("Jacobsen") confirming my indefinite suspension without pay. A true copy of that memorandum is attached hereto as **Exhibit A**.

4. Neither on February 12, 2008, when I was verbally advised of my suspension, nor in Jacobsen's February 13 memorandum, was I advised of any conduct, misconduct, or other action on my part, on which my suspension was based. Nor was I advised of any reason why it had been determined that my retention might be detrimental to the interests of the Navy Exchange.

5. Following my receipt of Exhibit A, I heard nothing from Jacobsen, or any other Navy Exchange employee or representative, regarding my suspension. Therefore, on March 21, 2008, I appealed my suspension, by a letter written at my request and on my behalf by attorney Lloyd Edward Tooks ("Tooks"). A true copy of that appeal letter is attached hereto as **Exhibit B**. Prior to the submission of the appeal letter I asked Evan Johnson, the person mentioned in the suspension memorandum [Exhibit A attached hereto] whether there was a specific appeal form or format. Johnson told me there was none.

6. By letter dated April 4, 2008, Jacobsen advised me that he had denied my appeal. A true copy of that letter is attached hereto as **Exhibit C**.

7. I am informed and believe that, on April 8, 2008, Tooks sent Jacobsen a letter, a copy of which is attached hereto as **Exhibit D**.

8. After April 8, 2008, I heard nothing from Jacobsen, or any other Navy Exchange employee or representative, responding to Tooks' April 8 letter or otherwise regarding my suspension. Therefore, at my request and on my behalf, Tooks commenced this federal court action on April 21, 2008.

9. I was not advised of the alleged conduct on which my suspension was based until Tooks' receipt of Jacobsen's April 4 letter [Exhibit C attached hereto]. Therefore, prior to the denial of my appeal (i) I was not given the opportunity to responded to that conduct, as conduct on which an emergency suspension or disciplinary action might be based, (ii) I was not given the opportunity to respond to that conduct in writing and offer other evidence in my defense, (iii) I was not given the opportunity to review any documents on which my suspension was based, and (iv) I was not advised why it had

been determined that my retention might be detrimental to the interest of the Navy Exchange.

10. Attached hereto as **Exhibit E** is a copy of the provisions under the paragraph headings "E. Disciplinary Actions", "F. Advance Notice And Associate Response Time Frames", "G. Official Responsible For Effecting Discipline", and "H. Administrative Appeals Procedure", in Chapter V of the Navy Exchange Manuel which is referenced in Jacobsen's letters attached hereto as Exhibits A and C.

11. As of the date of this Declaration my indefinite suspension without pay continues.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 10th day of May, 2008, at San Diego, California.

TIMOTHY D'ANGELO

DEPARTMENT OF THE NAVY
NAVY EXCHANGE
P.O. BOX 357045
NAS NORTH ISLAND
SAN DIEGO, CALIFORNIA 92135-7045

Regular Mail -- Certificate of Mailing

13 February 2008

From: General Manager
To: Mr. Timothy D'Angelo, 3118 Canon Street #2, San Diego, CA 92106

Subj: NOTICE OF SUSPENSION WITHOUT PAY PENDING DISCIPLINARY ACTION

Ref: (a) Navy Exchange Manual, Vol 3, Pub 145, Chapter V

1. This is to confirm the verbal suspension given to you on 12 February 2008. It has been determined that your retention might be detrimental to the interests of the Navy Exchange. You are advised therefore, in accordance with reference (a), you are being suspended from work without pay for an indefinite period.

2. If disciplinary action is warranted, this leave without pay period may be continued during the issuance of the advance notice of proposed disciplinary action, the notice of decision and until the effective date of the penalty.

3. If no disciplinary action calling for a loss of pay is warranted, you will receive your regular pay for the period during which you were on leave without pay.

4. If the final disciplinary action taken is less than termination, you will be paid for the time so suspended, less any loss of pay required by the disciplinary action.

5. You have a right to submit a grievance on the emergency suspension in accordance with reference (a). If you choose to do so, your grievance must be filed orally and/or in writing, to the undersigned within ten calendar days from receipt of this letter. In the event this emergency suspension without pay extends beyond 30 calendar days from its effective date, you have a right to appeal this action in accordance with reference (a). You may then submit a written appeal to the undersigned no later than 45 calendar days from the effective date of this action.

6. Grievance/appeals over an emergency suspension pending disciplinary action will only address the need for or the appropriateness of the suspension. If you have any further questions regarding emergency suspension grievance appeal rights and procedures please contact Mr. Evan Johnson, Employee/Labor Relations Specialist, at (757) 440-4725.

T. JACOBSEN

DEDICATED TO
OUTSTANDING CUSTOMER SERVICE
AND EXCELLENT VALUE

EXHIBIT A

LAW OFFICES OF
**LLOYD EDWARD TOOKS**
***Attorney at Law***

***Mailing Address:***
***P.O. Box 153096***
***San Diego, California 92195-3096***

*(619) 264-6895*
*(619) 262-3310 [Fax]*

March 21, 2008

Mr. Tom Jacobsen
General Manager
Navy Exchange
P.O. Box 357045
NAS North Island
San Diego, CA 92135-7045

Subj: TIMOTHY D'ANGELO'S APPEAL OF HIS EMERGENCY SUSPENSION

Ref: (a) Notice of Suspension Without Pay Pending Disciplinary Action, dated 13 February 2008
(b) Navy Exchange Manual, Chapter V, para. E (c)

Dear Mr. Jacobsen:
I have been retained by Mr. Timothy D'Angelo to represent him in the appeal of an indefinite emergency suspension issued to him, first verbally on February 12, 2008, and then in writing the next day. See reference (a) above. By his signature herein below Mr. D'Angelo confirms my representation.

As the emergency suspension has exceeded thirty (30) days, **please accept this letter as Mr. D'Angelo's formal appeal of the suspension, in accordance with reference (b) above, and based on the advice given in reference (a).**

In order to complete my preparation for this appeal, and pursuant to the appeal rights set forth in reference (b), I would appreciate receiving, as soon as possible, the following:

1. A statement of any acts, or possible acts, of alleged misconduct by Mr. D'Angelo upon which his emergency suspension was based.

EXHIBIT B

2. A statement of each reason why it was "determined that [Mr. D'Angelo's] retention might be detrimental to the interests of the Navy Exchange" (reference (a)).

3. A copy of each writing [i.e., letter, memo, affidavit/declaration, e-mail, transcription, rule, regulation, etc.], tape recording, CD, and other tangible object, that you contend support the reasons for Mr. D'Angelo's emergency suspension.

I look forward to receiving this information and material at your earliest convenience.

Yours in closing,

LLOYD EDWARD TOOKS

This will confirm the fact that I have retained attorney Lloyd Edward Tooks to represent me in the appeal of my emergency suspension.

TIMOTHY D'ANGELO

Received 4/7/08

DEPARTMENT OF THE NAVY
NAVY EXCHANGE
P.O. BOX 357045
NAS NORTH ISLAND
SAN DIEGO, CALIFORNIA 92135-7045

04 APRIL 2008

From: General Manager
To: Mr. Lloyd Edward Tooks, Attorney at Law, P.O. Box 153096, San Diego, CA 92195-3096

Subj: Timothy D'Angelo's Appeal of His Emergency Suspension

Ref: (a) Your Appeal dated March 21, 2008
(b) Navy Exchange Manual, Volume 3, Publication 145, Chapter V

1. This is in reply to reference (a), your appeal on behalf of Mr. Timothy D'Angelo, concerning the Notice of Suspension Without Pay Pending Disciplinary Action, dated 13 February 2008. After careful review of the record, it is my decision to deny your appeal.

2. In accordance with the Navy Exchange Manual, Volume 3, Publication 145, Chapter V, appeals of Emergency Suspensions may only address the appropriateness of the suspension. The Department of Defense has deemed an emergency suspension appropriate when there exists substantial evidence that retention of the employee might be detrimental to the interests of the Navy Exchange System. In an interview with your client conducted on 12 February 2008, he admitted that he had given Local Nationals Navy Exchange Gift Certificates, that he had taken an unauthorized discount when he purchased a coat from the Navy Exchange, accepted gifts from Navy Exchange Vendors, and had made improper special orders of merchandise through the Navy Exchange. These actions were in violation of Navy Exchange policies. This information justified the emergency suspension of your client.

3. In accordance with reference (b), you may appeal this decision to Commander, Navy Exchange Service Command, 3280 Virginia Beach, VA 23452-5724, within 15 calendar days of receipt of this letter.

Signature



EXHIBIT C

LAW OFFICES OF
**LLOYD EDWARD TOOKS**
***Attorney at Law***

***Mailing Address:***
***P.O. Box 153096***
***San Diego, California 92195-3096***

*(619) 264-6895*
*(619) 262-3310 [Fax]*

April 8, 2008

**ALSO SENT VIA FACSIMILE [(619) 522-7453] ON 04/08/08**

Mr. Tom Jacobsen
General Manager, Navy Exchange
P.O. Box 357045
NAS North Island
San Diego, CA 92135-7045

Re: Timothy D'Angelo's Appeal Of His Emergency Suspension

Dear Mr. Jacobsen:

Yesterday, April 7, I received your April 4 memorandum response to my March 21 letter on behalf of my client Mr. Timothy D'Angelo. Your response to Mr. D'Angelo's appeal is, "[a]fter careful review of the record, it is my decision to deny your appeal." However, I am unaware of any provision in the "Navy Exchange Manual, Volume 3, Publication 145, Chapter V," that grants the Exchange the right to "deny" an appeal. It is my understanding that Chapter V of the Manual grants Mr. D'Angelo the right to appeal an emergency suspension which extends for 31 calendar days or more. It is also my understanding that, among other things, Mr. D'Angelo has the right (i) to know both the acts he is alleged to have committed and the law he is alleged to have violated, (ii) to review all the evidence relied on to support his suspension, and (iii) to respond to such evidence, and have his response considered, all prior to any determination being made as to the appropriateness of the suspension.

EXHIBIT D

If my understanding of Mr. D'Angelo's rights is in error please provide me with a copy of the provisions of Chapter V that set forth each step of the appeal process, including but not limited to any provision that grants the Navy Exchange the right to "deny" an appeal. And, as time is of the essence, I would appreciate it if you would send me your response, via facsimile to the number set forth in the letterhead of this letter, by Monday, April 14, 2008.

Thanking you for your anticipated cooperation, I remain

Yours in closing,

LLOYD EDWARD TOOKS

cc: Timothy D'Angelo

LET:rwt

If an allegation of discrimination because of race, age, sex, color, national origin, religion, handicapping condition or reprisal for prior EEO complaint involvement is raised at any stage of the grievance procedure, the associate will be informed in writing that introduction of the allegation will serve to suspend processing of the matter under the administrative grievance procedure. The grievant must be given the opportunity to withdraw the allegation and continue under the administrative grievance procedure or proceed under the discrimination complaint procedure. The grievant's decision must be documented and made part of the grievance file. The grievant should be notified that failure to select a procedure will be interpreted as a choice to pursue the discrimination complaint procedure, and the grievance will be terminated. If the grievant's written decision is to pursue the matter under the discrimination complaint procedure, the grievant will be notified in writing that the grievance shall be canceled.

Refer to Appendix III-C for Pay Banding Grievance Policy.

**DoD 1401 .1-M; V 7**

**E. Disciplinary Actions**

a. A disciplinary action is a personnel action affecting a regular associate that reduced the associate's basic pay or level; placed the associate in a non pay, non duty status; or separated the associate from NAFI employment and that was effected for cause; I.e., the disciplinary action stemmed directly from the actions of the effected associate.

b. Disciplinary actions do not include:

(1) Business-based actions.

(2) Actions taken as the result of termination of temporary promotion.

(3) Separation or change to lower pay or level when voluntarily initiated by the associate.

(4) Application of a revised prevailing rate schedule when there is no change to the position.

(5) Actions taken as a result of an associate abandoning his or her position.

1/95

c. Procedures for Processing Disciplinary Actions and Appeals. The Heads of DoD Components shall issue regulations and procedures for processing disciplinary actions and for handling associate appeals of disciplinary actions that result in reduction of pay or in separation. That appeals process shall include a final appellate decision above the level of Installation Commander or General Managers of the Army and Air Force Exchange Services.

**SECNAVINST 5300.22C; V 5-6**

Heads of NAFI Headquarters Elements will establish consistent procedures for effecting disciplinary actions against regular associates. These procedures must include:

For letters of reprimand and suspensions for 30 calendar days or less:

Written notice of decision which specifies the reasons for the action.

Opportunity to grieve the action.

EXHIBIT E

For demotions, terminations, and suspensions for more than 30 calendar days:

Not less than 14 calendar days advance written notice specifying the reasons for the proposed action.

Opportunity to reply to the proposed action. The reply must be made to the official who is to decide the action or that official's designee. If an oral reply is permitted, a summary of any oral reply will be made and appended to the official record.

Opportunity to review all evidence relied upon to support the reasons for the proposal.

A right to representation by a person of the associate's own choice, subject to the willingness of the chosen person to serve, no conflict of interest or position, and the priority needs of the NAFI. Any fees charged by the associate's representative are the responsibility of the associate.

Assurance that the associate and representative will be free from restraint, coercion, discrimination, or reprisal.

Written decision of disciplinary action which:

Is delivered to the associate in advance of the effective date of the disciplinary action.

Identifies which reasons were sustained and which were not sustained.

1/95

Explains the rationale for the decision.

Specifies the associate's right of appeal, how such appeal is to be filed, and the time limits for submission of an appeal.

A written decision may not increase the penalty proposed in the advance notice.

An associate may be placed on emergency suspension without pay, pending disciplinary action, when retention of the associate might result in damage to or loss of property or funds, might be injurious to the associate or others, might be detrimental to the interest of the NAFI, or when there are justifiable reasons to believe that the associate is guilty of a crime for which a prison sentence may be imposed. In such cases, the associate will be provided 24 hours' advance notice, in a pay status, of the emergency suspension. If the final disciplinary action taken on an associate so suspended is less than removal, the associate will be paid for the time so suspended, less any loss of pay required by the disciplinary action. An emergency suspension without pay which extends for 31 calendar days or more may be appealed.

**NEXCOM**

Grievances/appeals over emergency suspensions without pay pending disciplinary action will only address the need for or appropriateness of the suspension.

**SECNAVINST 5300.22C; V 6-7**

Heads of NAFI Headquarters Elements may establish guidelines for effecting a range of penalties for disciplinary offenses. Any such guidelines must be applied equitably throughout all local NAFIs under the cognizance of the Headquarters Element.

The standard of proof in deciding disciplinary actions and any grievances or appeals thereof shall be substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept to support a conclusion.

An official record will be established for each disciplinary action effected. This official record will be maintained for a period of at least 2 years from the date of the action. The record will consist of:

The applicant's petition of appeal.

A copy of the notice of proposed disciplinary action.

A copy of the appellant's written response, if any, to the notice of proposed action.

1/95

A summary of the appellant's oral response, if any, to the notice of proposed action.

A copy of the written decision of disciplinary action.

A copy of the official document effecting the disciplinary action.

Any and all evidence relied upon in support of the disciplinary action.

NEXCOM

NON-DISCIPLINARY ACTIONS

Admonishment, written or oral.
Letters of caution for work performance or conduct deficiencies.
Emergency Suspension without pay pending disciplinary action.

See Appendix V-B for procedure for processing unsatisfactory work performance actions.

DISCIPLINARY ACTIONS
Letters of reprimand.
Suspension without pay.
Demotion.
Termination for cause.

**F. ADVANCE NOTICE AND ASSOCIATE RESPONSE TIME FRAMES**

GRIEVABLE ACTIONS:

Emergency Suspension without pay pending disciplinary action -- 24 hours advance notice in a pay status. **Letters of reprimand and suspension without pay for 30 calendar days or less – not less than seven calendar days advance notice and five calendar days for associate to respond.

APPEALABLE ACTIONS:

Suspension without pay for 31 calendar days or more, demotion or termination for cause -- not less than 14 calendar days advance notice and ten calendar days for associate to respond.

1/95

** Emergency Suspensions without pay pending disciplinary action that exceed 30 calendar days.

## G. OFFICIAL RESPONSIBLE FOR EFFECTING DISCIPLINE

Immediate supervisors - - Up to and including letters of reprimand.

Department managers or equivalent - - Suspension without pay for 30 calendar days or less, failure to qualify during probationary period, termination of temporary, intermittent and flexible associates.

CONEXCEN/NEO/GM/Group Director or equivalent - - Demotions, suspension without pay for 31 calendar days or more, termination for cause.

Activity Commanding Officers may take action when the Navy Exchange Officer is personally involved.

Advance written notices, when required, will include the offense charged, whether it is a first, second, third or subsequent offense, the evidence which supports the charge, the penalty proposed and the number of days after receipt of the advanced notice that the associate has in which to provide an oral and/or written response. Response time limits may be extended upon request.

Management will weigh the associate's reply and ascertain all pertinent facts prior to making a final decision. Due weight will be attached to factors supporting the associate's position, whether or not the associate offers such factors in his or her own defense. Penalties imposed or assigned will be that which is necessary to correct the associate and maintain discipline and morale. Full consideration will be given to associate's replies. When supervisors and management officials are considering severity of penalties, example factors for consideration are as follows:

The nature and seriousness of the offense and its relation to the employee's duties, position and responsibilities, including whether the offense was intentional, technical or inadvertent, was committed maliciously or for gain, or has been frequently repeated;

The associate's job level and position within the organization, including supervisory or fiduciary role;

The associate's past disciplinary record and when the discipline occurred;

The associate's past work record, such as length of service, performance on the job, dependability, character etc.;

The associate's condition of health, extraordinary personal influence, such as death or other crises in his or her family;

The effect of the offense upon the associate's ability to perform at a satisfactory level and its effect upon the supervisor's confidence in the associate's ability to perform assigned duties;

Consistency of the penalty with those imposed upon other associates for the same or similar offenses;

The notoriety of the offense or its impact upon the reputation of the agency;

Potential for the associate's rehabilitation.

NEXCOM guidelines for disciplinary action penalties are contained in the Guide For Disciplinary Action Penalties, Appendix V-C.

If an associate's record of past disciplinary offense is considered in assessing the penalty for a current offense, the associate must be so advised of this fact in the advance notice and notice of decision.

Flexible, temporary or intermittent associates may have disciplinary action taken against them. Such discipline will be effected in writing.

Notice for action less than termination will contain the specific action to be taken, effective date of the action, information stating exchange management's conclusion of his or her conduct, right of reply in writing, within 24 hours and assurance of consideration of reply.

Notice for termination action taken for cause will be written and will contain the effective date, the reason for the action, right of reply within 24 hours and assurance of consideration of reply and a statement that the associate has no right to appeal management's decision. Separation Code 15 is selected on terminating personnel action.

Further guidance on the disciplinary process can be found in Publication No. 60, Effective Employee Relations.

**SECNAVINST 5300.22C: V 8-9**

Appeals of Disciplinary Actions.

The procedure for appealing disciplinary actions will be a two-step process conducted under the cognizance of the Head of the NAFI Headquarters Element.

If an associate alleges that the action resulted from an act of discrimination, the action may be contested through the discrimination complaint procedure.

Heads of NAFI Headquarters Elements will establish procedures for associates to appeal appealable disciplinary actions which will include the following elements:

Establishment of a two-step appeal process with the second decision level for all appeals to be the Head of the NAFI Headquarters Element.

The right to one formal hearing, if the associate requests, to ascertain and consider the facts upon which the disciplinary action was taken and the reasons the associate feels the decision should be reversed. A comprehensive record of the hearing will be maintained, including the recommendation of the hearing officer on the proposed disposition of the appeal, and appended to the official record. The associate shall be given the opportunity to submit evidence and the testimony of witnesses, cross-examine witnesses, and present appropriate affidavits and depositions.

The right of the associate to be represented by an individual of his or her own choosing, subject to the willingness of the chosen person to serve, the priority needs of NAFI, and no conflict of interest or position. Any fees charged by the associate's representative are the responsibility of the associate.

An initial written decision within 60 days of submission of the appeal or within 60 days of completion of the hearing, if a hearing is held. The initial decision will:

Identify which reasons were sustained and which were not sustained.

Explain the rationale for the decision.

Specify the associate's right of appeal to the Head of the NAFI Headquarters Element, the time limits for such an appeal, and how and where such an appeal is to be filed.

The standard of review shall be substantial evidence.

**NEXCOM**

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept to support a conclusion.

**SECNAVINST 5300.22C; V 9**

The decision of the Head of the NAFI Headquarters Element will be issued in writing, explaining the rationale for the decision. This is the final decision on the appeal.

**1/95**
**NEXCOM**

**H. ADMINISTRATIVE APPEALS PROCEDURE**

NAVY EXCHANGE

| DETACHMENT | MAIN |
|---|---|
| STEP 2 COMNEXCOM | COMNEXCOM |
| STEP 1 INSTALLATION COMMANDER | INSTALLATION COMMANDER |

NAVY EXCHANGE SERVICE CENTER

STEP 2 COMNEXCOM
STEP 1 CONEXCEN

NAVY EXCHANGE SERVICE COMMAND

STEP 2A* COMNAVSUP
STEP 2 COMNEXCOM
STEP 1 VICE COMMANDER or the Step above the official taking the action.

* APPEALS PROCEED TO THIS LEVEL ONLY WHEN COMNEXCOM EFFECTS THE ADVERSE ACTION

The time frame for filing and elevating appeals as well as requesting a hearing (Step 1 only, as no hearing is held at Step 2) is fifteen calendar days from the notice of decision of disciplinary action, response of the Step 1 official, etc. Step 2 appeals must be submitted via the Step 1 deciding official.

An Administrative Hearing Guide is provided as Appendix V-D.