LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**Mailing Address:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D'ANGELO<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER, SECRETARY OF THE NAVY,<br><br>Defendant. | CASE NO. 08 cv 0718-JAH (LSP)<br><br>**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. John A. Houston<br>Hearing date : June 30, 2008<br>Hearing time : 2:30 p.m. |

1. Timothy D'Angelo (hereinafter "Plaintiff") is the Plaintiff in the above-entitled action. Declaration of Timothy D'Angelo In Support Of Plaintiff's Motion For Summary Judgment ("Plaintiff's Declaration"), para. 1.

2. Plaintiff has been an employee of the Department of the Navy's Navy Exchange since 1999, and he is presently employed in the Navy Exchange position of Branch Exchange Manager. Plaintiff's Declaration, para. 2.

3. In a memorandum, dated 13 February, 2008, Navy Exchange General Manager Tom Jacobsen ("Jacobsen") confirmed that Plaintiff had been placed on an emergency suspension without pay for an indefinite period. The only reason given for the emergency suspension was, "[i]t has been determined that your retention might be

detrimental to the interests of the Navy Exchange." No other reason, ground, or basis, for the emergency suspension is set forth in the memorandum. Plaintiff's Declaration, Exhibit A.

4. Jacobsen's 13 February memorandum also states that "[i]n the event this emergency suspension without pay extends beyond 30 calendar days from its effective date, you have a right to appeal this action in accordance with reference (a) [the Navy Exchange Manual, Vol. 3, Pub 145, Chapter V]" *Id.*

5. As March 21, 2008, the emergency suspension of Plaintiff remained in effect, and on that date Plaintiff's counsel, Lloyd Edward Tooks, sent a letter to Jacobsen appealing Plaintiff's suspension and requesting (i) a statement of the alleged misconduct on which the suspension was based, (ii) a statement of the reason(s) why it was determined that Plaintiff's retention might be detrimental to the interests of the Navy Exchange, and (iii) copies of the documents supporting the suspension. Plaintiff's Declaration, Exhibit B.

6. In a memorandum dated 04 April 2008 Jacobsen replied to Plaintiff's appeal of his suspension stating, "[a]fter careful review of the record, it is my decision to deny your appeal." Plaintiff's Declaration, Exhibit C.

7. Prior to Jacobsen's "decision to deny" Plaintiff's appeal, Plaintiff (i) was not advised of the alleged misconduct on which his suspension was based, (ii) was not given copies of any documents that supported the alleged misconduct and/or the suspension, (iii) was not given an opportunity to submit a written response to the alleged misconduct on which his suspension was based, and (iv) was not advised why it had been determined that his retention might be detrimental to the interest of the Navy Exchange. Plaintiff's Declaration, para. 9.

8. By letter dated April 8, 2008, and sent via facsimile to Jacobsen that day, Plaintiff's counsel indicated his understanding that Plaintiff had certain rights that were denied as a result of Jacobsen's denial of Plaintiff's appeal, and asked Jacobsen to send him a copy of the Navy Exchange Manual provision that granted the Exchange to right to

deny an appeal. Jacobsen was asked to respond by April 14, 2008. Plaintiff's Declaration, Exhibit D.

9. As of April 21, 2008, neither Jacobsen nor any other Navy Exchange employee or representative had responded to Plaintiff's counsel, and Plaintiff commenced the above-entitled action. Plaintiff's Declaration, para. 8.

10. Plaintiff's indefinite suspension without pay continues. Plaintiff's Declaration, para. 11.

Dated: May 11, 2009.

LLOYD EDWARD TOOKS

<u>s/ **LLOYD EDWARD TOOKS**</u>
Attorney for Plaintiff
TIMOTHY D'ANGELO