KAREN P. HEWITT
United States Attorney
MELANIE A. ANDREWS
Special Assistant U.S. Attorney
28 U.S.C. 543
melanie.andrews@usdoj.gov
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7460

Attorneys for Defendant
Donald C. Winter, Secretary of the Navy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D'ANGELO,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER,<br>SECRETARY OF THE NAVY<br><br>Defendant. | Case No. 08cv0718 JAH(LSP)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT SECRETARY OF THE NAVY UNDER FED.R.CIV.P. RULE 12(B)(1) & 12(B)(6)<br><br>DATE: August 11, 2008<br>TIME: 2:30 pm<br>CTRM: 11<br>JUDGE: Honorable John A. Houston<br><br>[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT] |

I.

INTRODUCTION

Plaintiff Timothy D'Angelo, is seeking judicial review, under the Administrative Procedure Act, of actions taken by his employer, the Navy Exchange (NEX). Specifically, Plaintiff seeks an injunction ordering the Navy Exchange to vacate his suspension without pay, initiate its intended action based on the conduct alleged to have supported the suspension and exclude Plaintiff's immediate supervisor from involvement in any disciplinary action. As more fully discussed below, this Court lacks jurisdiction. Moreover, Plaintiff cannot establish a viable claim.

II.

STATEMENT OF FACTS

The Navy Exchange (NEX) is a federal governmental entity within the Department of the Navy that sells goods and services to military personnel, their eligible family members and authorized civilians. (Exhibit 1). Plaintiff has been an NEX non-appropriated fund instrumentality (NAFI) employee since 1999. Id. From September 2003 to October 2006, Plaintiff was the General Manager of the La Maddalena, Italy NEX. Id. Since leaving La Maddalena, Plaintiff worked at NEX stores in the San Diego area and most recently as store manager at the Naval Outlying Landing Field, Imperial Beach, California. (Exs. 1, 2). As store manager, he reported to Mr. Thomas Jacobsen, (Jacobsen), General Manager of the NEX at Naval Air Station North Island. (Ex. 2 ).

On February 8 and 11, 2008, NEX investigators briefed Jacobsen on an ongoing investigation involving thefts and inventory shortages that took place at the La Maddelena NEX while Plaintiff was General Manager. (Ex. 2). They suspected that Plaintiff knew of the thefts and also violated policy that resulted in him receiving a personal benefit. Id. On February 12, 2008, Plaintiff admitted to the investigators that he took an unauthorized discount on store merchandise, accepted gifts from NEX vendors, made improper special orders of merchandise and gave Italian Nationals NEX gift certificates. (Id.) One of the investigators immediately suspended Plaintiff pending disciplinary action. Id. The investigator briefed Jacobsen, who concurred with the suspension, and Jacobsen issued a memorandum to Plaintiff the next day. (Exs. 2,3).

The Navy Exchange Manual, Volume 3, Publication 145, Chapter V governs personnel relations of NEX non-appropriated fund employees. An associate may be placed on emergency suspension without pay, pending disciplinary action, when:

(1) retention of the associate might result in damage or loss of property or funds;

(2) (it) might be injurious to the associate or others;

(3) (it) might be detrimental to the interest of the NAFI; or

(4) there are justifiable reasons to believe that the associate is guilty of a crime for which a prison sentence may be imposed. (Ex. 4).

An emergency suspension without pay pending disciplinary action may be grieved to the lowest

official within ten calendar days of the condition or circumstance which caused the grievance. (Id. ). The official, when possible, will respond within ten calendar days or provide written notice of when the grievant can expect an answer. If however, an emergency suspension without pay exceeds 31 calendar days, it may be appealed. Id. Whether submitted as a grievance or an appeal, the submission should only address the need for or appropriateness of the suspension. Id.

Plaintiff did not grieve his suspension within ten calendar days of it becoming effective. (Ex. 2). Instead, on March 21, 2008 his attorney submitted an appeal to Jacobsen. (Ex. 5). Jacobsen replied outlining why Plaintiff was suspended and that his conduct warranted continued suspension pending disciplinary action. The letter also notified Plaintiff that Jacobsen's decision could be appealed to the Commander of the Navy Exchange Command. (Ex. 4, 6).[1/]

On April 8, 2008, Plaintiff's attorney faxed a letter to Mr. Jacobsen indicating his understanding of what the applicable Navy Exchange Manual permitted Mr. Jacobsen to do regarding Plaintiff's suspension. (Ex. 7). Plaintiff's counsel asked for additional information if his understanding was in error and also requested a response by April 14, 2008. Id.

Plaintiff considered Mr. Jacobsen's lack of response by his imposed time line as a final agency action and filed his complaint in federal court on April 21, 2008. To date, Plaintiff has not appealed Jacobsen's decision to the Commander, Navy Exchange Service Command (NEXCOM).

## III.

## ARGUMENT

Plaintiff seeks judicial review of the Navy Exchange's (Jacobsen's) action. For the reasons set forth below, this Court should dismiss the complaint with prejudice because it lacks subject matter jurisdiction and Plaintiff has not stated a claim for which relief can be granted.

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION

#### 1. As a non-appropriate fund instrumentality employee of the Department of the Navy, Plaintiff is not entitled to judicial review of an adverse personnel action under the Administrative Procedures Act

[1/] Exhibit 4 sets forth a two-step process to appeal emergency suspensions that extend beyond 30 days. In this case, the step 1 appeal was to Jacobsen, the step 2 appeal was to the Commander, Navy Exchange Command (NEXCOM).

The Civil Service Reform Act of 1978, (CSRA), Pub L. No. 95-454, 92 Stat 1111, (codified in various section of 5 U.S.C.), created an elaborate framework for evaluating adverse personnel decisions against federal employees. *See United States v. Fausto,* 484 U.S. 439, 443 (1988). The Act prescribed in great detail the protections and remedies available to such challenge actions, including the availability of administrative or judicial review. Id. at 443. Even though the Act does not provide the same remedies to all employees[2/] covered by the Act, it is an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the need of sound and efficient administration." Id. at 445. In *Fausto*, the Supreme Court held that Congress intended to preclude an employee from receiving statutory relief under the Back Pay Act, as the CSRA provided the exclusive blueprint for federal employee remedies.

Since *Fausto*, the 9th Circuit has held in *Blankenship v. McDonald*, 176 F.3d 1192 (9th Cir. 1999) that the CRSA precludes an employee from bringing a Bivens action against her supervisors. In *Stanley v. Gonzalez,* 476 F.3d, 653 (9th Cir. 2007) the 9th Circuit followed *Fausto's* view regarding prohibiting an employee from seeking equitable relief under the APA for non-constitutional claims[3/].

Other Circuits have also found that the CSRA precludes judicial review by employees seeking to challenge adverse employment decisions. See *McAuliffee v. Rice*, 966 F.2d 979 (4th Cir. 1992) (Air Force NAFI employee denied APA review of her termination after exhausting internal procedures); *Mann v. Haigh*, 120 F.3d 34 (4th Cir. 1997) (Marine Corps NAFI employee denied APA review of his termination based on an alleged violation of the Family Medical Leave Act); and *Zimbelman v. U.S. Air Force*, 228 F.3d 367 (4th Cir. 2000) (after exhausting administrative remedies, two Air Force NAFI employees were precluded from bringing Bivens actions against supervisors for alleged 5th Amendment violations.)

The *McAuliffee* court specifically recognized that Congress did not intend for NAFI employees to enjoy the same level of safeguards as ordinary civil servants. *McAuliffee*, at 979-980. In *McAuliffee*,

---

[2/] There are 3 categories of employees under the CSRA: 1) Senior Executive Service; 2) Competitive Service and 3) Excepted Service. *See 5 U.S.C. 3132, 2102 and 2103.* As a NAFI employee, Plaintiff is a member of the excepted service. (Ex. 1).

[3/] Plaintiff's allegation of equal protection and due process violations will be addressed below in the section covering colorable constitutional claims.

*Mann* and *Zimbelman*, as with this current case, NAFI employees are limited to the administrative procedures established by the respective Agency because the CRSA does not grant them the right to obtain judicial review.

Plaintiff is a NAFI employee and as such does not have the same level of safeguards under the CSRA as do most other civil servants. The Navy Exchange, though in keeping with the congressional intent to preclude judicial review in favor of an alternative internal review process, established Volume 3, Publication 145, Chapter V of the Navy Exchange Manual. It provides NAFI employees avenues of redress for adverse employment actions and specifically gives Plaintiff the opportunity to grieve and appeal to his emergency suspension.

2. Congress has not waived sovereign immunity for the Secretary of the Navy, in his official capacity, to be sued for alleged constitutional violations.

It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw,* 309 U.S. 495, 500-01, 84 L. Ed. 888, 60 S. Ct. 659 (1940); *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir. 1982); *Beller v. Middendorf,* 632 F.2d 788, 796 (9th Cir. 1980), *cert. denied, 452 U.S. 905, 69 L. Ed. 2d 405, 101 S. Ct. 3030 (1981).* Such waiver cannot be implied, but must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4, 23 L. Ed. 2d 52, 89 S. Ct. 1501 (1969). The bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688, 93 L. Ed. 1628, 69 S. Ct. 1457 (1949).

There is no statutory waiver of sovereign immunity in this case. Any reliance on *28 U.S.C. § 1331* would be is misplaced. *28 U.S.C. § 1331* merely provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States. Reliance on the Administrative Procedure Act is likewise misplaced. Section 702 of the APA states that:

//

//

> [a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action *within the meaning of a relevant statute*, is entitled to judicial review thereof. . . . The United States may be named as a defendant in any such action . . . Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers . . . personally responsible for compliance. (emphasis added).

By itself, *§ 702* does not impose any substantive duties on agencies or government officials. It is a procedural statute that requires another relevant statute to form the legal basis for the complaint that the government has acted unlawfully. *See* Wright, Miller & Cooper, 14A *Federal Practice and Procedure* § 3659 (3d ed. 2006). In *Califano v. Sanders, 430 U.S. 99, 107 n.6, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)*, the Supreme Court noted that the *§ 702* language must be read in conjunction with *§ 703*, which suggested that the APA remedies under *§ 702* "look[ed] to outside sources of jurisdictional authority." *See* also *Office of Governor, Territory of Guam v. Dep't of Health and Human Servs, Admin. on Dev. Disability,* 997 F.2d 1290, 1292 (9th Cir. 1993), "[d]espite the breadth of this language, the statute does not confer jurisdiction independent of some other specific statute. " Plaintiff alleges no other statute by which this Court would have jurisdiction to determine whether the Secretary of the Navy violated his equal protection and due process rights.

## B. PLAINTIFF HAS FAILED TO ALLEGE COLORABLE CONSTITUTIONAL CLAIMS FOR WHICH RELIEF CAN BE GRANTED.

The Supreme Court held that where Congress intends to preclude judicial review of a constitutional claim, its intent to do so must be clear. *Webster v Doe*, 486 U.S. 592, 603, 108 S. Ct. 2047, 2053 (1998). The Court also held that a party must demonstrate a heightened showing that Congress intended to eliminate judicial review when a federal statute is construed to deny any judicial review of a colorable constitutional claim. Id. In *Webster*, the Court was determining whether the language in section 102 of the National Security Act was meant to preclude judicial review of a colorable constitutional claim arising out of an employment action taken by the Director of Central Intelligence.

While the 9th Circuit has yet to decide whether the CSRA precludes judicial review of

colorable constitutional claims[4/], other federal circuits are split. Compare *Dotson v. Griesa*, 398 F.3d 156, 179 (2nd Cir. 2005) (holding that equitable claims are precluded by the CSRA even if the plaintiff has no other remedy), *Lombardi v. Small Bus Admin.,* 889 F.2d 959, 961-61 (10th Cir. 1989) (same), and *Pinar v. Dole, 747 F.2d 899, 910-12 (4th Cir. 1984)* (same), with *Mitchum v. Hurt, 73 F.3d 30, 35-36 (3d Cir. 1995)* (holding that regardless of plaintiff's availability to seek administrative remedies, the CSRA does not preclude equitable relief for constitutional claims), and *Hubbard v. EPA, 257 U.S. App. D.C. 305, 809 F.2d 1, 11 (D.C. Cir. 1986)* (same).

The 9th Circuit, did however, in *Stanley v. Gonzales supra*, hold that since Stanley failed to present colorable constitutional claims, it was not required to answer the ultimate question about whether Congress intended the CSRA to preclude judicial review of constitutional claims. *Stanley,* at 657.

1. In *Stanley* and *Anderson v. Babbit* , the 9th Circuit addresses what does not constitute colorable constitutional claims

Stanley, a U.S. Trustee and excepted service employee ineligible for relief from the from the Merit Systems Protection Board (MSPB) to challenge her termination by the Attorney General, sought injunctive relief in district court alleging violations of the Separation of Powers doctrine, the Appointments Clause and her due process rights. The Court found no violation of the Separation of Powers doctrine as the language within the statute governing Trustees specifically authorized the Attorney General the power to remove Trustees. Id. at 658-659. The Court in analyzing the Appointments Clause claim allegation noted that Stanley provided no legal or factual discussion in support of this assertion. Id. at 659-660. Despite that, and on its own, the Court reasoned that any reliance on the Appointments Clause to challenge her removal was misplaced. Id. The due process argument that Stanley's removal violated her protected interest in continued employment until the end of her five-year term was also found to be without merit. The Court concluded that although she was appointed for a fixed term, she had no entitlement to serve the entire term because she could have been removed without cause and therefore she failed to establish a constitutionally protected

---

[4/] In *AFGE 1 v. Gavello,* 502 F.3d 1027 (9th Cir 2007), the 9th Circuit found that the Aviation and Transportation Security Act did not preclude judicial review of constitutional claims.

interest. Id. at 660. Finally, since none of Stanley's constitutional claims presented colorable arguments, the 9th Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction. Id.

In *Anderson v. Babbitt* 230 F.3d 1158 (9th Cir. 2000), Plaintiff sought to set aside the will of her adopted father, an Indian decedent. A Department of Interior Office of Hearing Appeals Administrative Law Judge (ALJ) denied her motion for summary judgment in favor of a factual hearing on the will contest. Once her interlocutory appeal was denied by the Interior Board of Indian Appeals, (IBIA) she filed a complaint in district court alleging that the ALJ and IBIA violated her due process rights by failing to follow mandatory procedures when affirming the denial of her summary judgment motion. The 9th Circuit not only addressed whether she was required to exhaust all administrative remedies prior to judicial review but also whether Plaintiff's constitutional claims were colorable.

Quoting previous Supreme Court and 9th Circuit cases, the Court found that a constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or...is wholly insubstantial or frivolous." *Anderson* at 1163. The mere allegation of a due process violation "is not sufficient to raise a colorable constitutional claim to provide subject matter jurisdiction." Id. Rather, the plaintiff must allege "facts sufficient to state a violation of substantive or procedural due process." Id. It went on to determine that Plaintiff failed to present a colorable due process claim because she failed to demonstrate that irreparable harm would result if the court deferred judicial review until after the ALJ's hearing on the merits of the will contest (and if necessary, an appeal of the ALJ's decision to the IBIA). Id.

2. In light of *Stanley and Anderson*, Plaintiff's equal protection and due process claims are not colorable.

Plaintiff alleges Defendant's denial of his appeal violated SECNAVINST 5300.22C, provisions of the Navy Exchange Manual and his constitutional rights to equal protection and due process. The complaint, however, alleges no specific facts indicating how his equal protection and due process rights were violated. This is similar to what the 9th Circuit faced in *Stanley* regarding

her Appointments Clause claim. There, the court was left to assume the possible issues that could give rise to a colorable Appointments clause claim and when it did so, it found no support for the claim.

Even though Anderson alleged that the ALJ's and IBIA's failure to follow specific procedures violated her due process, the *Anderson* court found that she did not raise a colorable due process violation because irreparable harm would not occur if the court deferred jurisdiction pending the outcome of her administrative avenues of redress. Assume arguendo in this case, that Plaintiff's due process violation is related to how Jacobsen interpreted the NEX Manual and handled Plaintiff's appeal. All of the allegations raised for judicial review can be adequately addressed by the Commander, Navy Exchange Service Command. There is also no allegation or evidence to suggest that NEXCOM is unwilling or unable to remedy any mistakes Jacobsen may have made when considering to continue Plaintiff's emergency suspension. So if NEXCOM determines that either Plaintiff was improperly placed on emergency suspension or that the suspension should have been vacated, then NEXCOM can reinstate Plaintiff with appropriate back pay as if he was never placed on emergency suspension. Judicial deferment to the agency's internal review mechanism will not result in irreparable harm to the Plaintiff.

Regarding a potential violation of Plaintiff's equal protection rights, we know from *Fausto, Stanley, McAuliffee, Mann* and *Zimbelman* that Congress did not mean for NAFI employees to have the same judicial remedies as other federal employees. Plaintiff has also not alleged that another similarly situated NAFI employee was treated differently regarding an emergency suspension and the denial of appeal. It is impossible to speculate about other potential equal protection violations Plaintiff could have, but did not, allege. What is clear, though, is that a mere allegation of an equal protection violation is insufficient to raise a colorable constitutional claim to provide subject matter jurisdiction.

//

//

//

//

IV.

CONCLUSION

For the reasons stated above, Defendant respectfully urges the Court to dismiss this complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

DATED: June 12, 2008

KAREN P. HEWITT
United States Attorney

/s Melanie A. Andrews
MELANIE A. ANDREWS
Special Assistant U.S. Attorney

Attorneys for Defendant
Secretary of the Navy