LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**<u>Mailing Address</u>:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY D'ANGELO<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER, SECRETARY OF THE NAVY,<br><br>Defendant. | CASE NO. 08 cv 0718-JAH (LSP)<br><br>**FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS** |

<u>JURISDICTION</u>

The jurisdiction of this Court is invoked pursuant to 28 USC §1331. This is a civil action arising under the Constitution of the United States.

<u>PARTIES</u>

1. Timothy D'Angelo ["Plaintiff"] was formerly employed with the Department of the Navy's Navy Exchange. His employment was terminated by the Navy Exchange, effective July 6, 2008, following the commencement of this federal court action.

2. Donald C. Winter is sued herein solely in his official capacity as the Secretary of the Navy.

CAUSE OF ACTION

3. In a memorandum dated 13 February 2008 ["suspension memorandum"] Tom Jacobsen, a Navy Exchange General Manager in San Diego ["Jacobsen"], confirmed an emergency suspension without pay that was verbally given to Plaintiff the previous day. The emergency suspension was indefinite, and neither the verbal advice on February 12 nor the suspension memorandum contained any charges against, or conduct by, Plaintiff that provided a basis for the suspension.

4. The suspension memorandum also stated, "[i]n the event this emergency suspension without pay extends beyond 30 calendar days from its effective date, you have a right to appeal this action in accordance with [the Navy Exchange Manual, Vol. 3, Pub 145, Chapter V]."

5. On March 21, 2008, since his emergency suspension without pay was still in effect and had extended beyond 30 calendar days, Plaintiff appealed the suspension.

6. By memorandum dated 04 April 2008, Jacobsen responded to Plaintiff's appeal by denying the appeal, and disclosing to Plaintiff, for the first time, the alleged conduct upon which the emergency suspension was based.

7. Plaintiff responded to Jacobsen's denial of his appeal by letter dated April 8, 2008. In that letter Plaintiff, by his attorney, expressed the understanding that the applicable provisions of the Navy Exchange Manual granted Plaintiff an appeal process that includes the right to be advised of the conduct and documents on which the suspension was based, and the right to respond to the same, prior to a decision being made on the appeal. The letter requested that, if this understanding was in error, on or before April 14, 2008, Plaintiff's attorney receive a copy of the Navy Exchange Manual provision that grants the Navy Exchange the right to "deny" Plaintiff's appeal without first (i) advising him of the charges and evidence against him, and (ii) considering Plaintiff's statements and evidence in opposition to the suspension. Having received no response from Jacobsen by April 21, Plaintiff commenced this federal court action.

8. On May 23, 2008, following the commencement of this federal court action, Jacobsen issued Plaintiff a notice of his [Jacobsen's] proposal to terminate Plaintiff's employment. The proposal was based on four charges that, with one variation, alleged the same wrongdoing on which Plaintiff's suspension had been based.

9. On June 2, 2008, Plaintiff submitted a written response to the proposal to terminate his employment, opposing the proposal and disputing the charges.

10. By memorandum dated July 1, 2008, Jacobsen notified Plaintiff of his [Jacobsen's] decision to terminate Plaintiff's employment effective July 6, 2008.

11. The suspension without pay and the termination suffered by Plaintiff infringed on his constitutionally protected property interests, and thus triggered due process protections.

12. The suspension of Plaintiff, and subsequent termination of his employment, violated his constitutional rights, including but not necessarily limited to his right to due process, in ways that include, but are not necessarily limited to, the following.

(a) Plaintiff was suspended without pay for nearly five months [February 13 through July 5] without being afforded a post-suspension hearing.

(b) Plaintiff's appeal of the suspension without pay was denied without first (i) advising him of the alleged conduct on which the suspension was based and (ii) giving him an opportunity to respond to that alleged conduct.

(c) When Plaintiff responded to one of the charges on which the proposal to terminate his employment was based by noting that he was, in fact, authorized to engage in the conduct in question, Jacobsen's subsequent termination decision accepted the fact of Plaintiff's authorization but broached an entirely different charge as support for the termination decision.

(d) Certain charged conduct on which Plaintiff's termination was based originated from alleged statements by a confidential witness whose identity, and any written statement, were never disclosed to Plaintiff.

(e) The Navy Exchange willfully and intentionally failed and refused to consider undisputed relevant facts regarding the conduct on which the charges against Plaintiff were based; relevant facts that belie the charges and/or prove that the termination penalty was intolerably excessive.

(f) Plaintiff's termination was not based on substantial evidence.

(g) The Navy Exchange predetermined, prior to Plaintiff's suspension, that Plaintiff's employment would be terminated; and that predetermined intent and purpose is evidenced by, among other things, the preceding actions (a) thru (f), and the fact that, prior to his termination, the Navy Exchange hired a person to permanently fill the NAB Branch Manager position that Plaintiff occupied at the time of his termination.

13. The aforementioned conduct violated Plaintiff's constitutional rights, including but not necessarily limited to his Fifth Amendment right to due process. And because of the termination of his employment, and the alleged bases for that termination, Plaintiff has been unable to obtain employment at any management level in the retail industry. Plaintiff is entitled to equitable relief that includes, but is not necessarily limited to, retroactive reinstatement to the employment position he occupied with the Navy Exchange immediately prior to his termination.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For retroactive reinstatement to the Navy Exchange employment position he occupied immediately prior to his termination;

2. For reasonable attorney fees and costs; and

3. For such other and further relief as this Court deems just and proper.

Dated: July 25, 2008.

LLOYD EDWARD TOOKS

**s/ LLOYD EDWARD TOOKS**
Attorney for Plaintiff
TIMOTHY D'ANGELO