LLOYD EDWARD TOOKS [Cal. Bar No. 047203]
Attorney at Law
402 W. Broadway, 4th Floor
San Diego, CA 92101
**Mailing Address:**
P.O. Box 153096
San Diego, CA 92195-3096
(619) 264-6895
(619) 262-3310 [Facsimile]
E-Mail: lloydtooks@cox.net

Attorney for Plaintiff TIMOTHY D'ANGELO

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TIMOTHY D'ANGELO | ) | CASE NO. 08 cv 0718-JAH (LSP) |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS FIRST AMENDED** |
| | ) | **COMPLAINT** |
| DONALD C. WINTER, SECRETARY | ) | |
| OF THE NAVY, | ) | Date: September 22, 2008 |
| | ) | Time: 2:30 pm |
| Defendant. | ) | Judge: Hon. John A. Houston [CRM 11] |
| | ) | **ORAL ARGUMENT REQUESTED** |

RELEVANT FACTS

Before presenting the substantive opposition to Defendant's motion to dismiss the First Amended Complaint ("FAC") it is important to note the relevant events in this case.

(a) Effective February 13, 2008, Plaintiff was suspended, indefinitely and without pay, from his employment position with the Navy Exchange.

(b) Plaintiff appealed the indefinite suspension on March 21, 2008, and at that time sought from the Navy Exchange the grounds for the suspension and the evidence supporting it.

(c) On April 4, 2008, the Navy Exchange (i) denied Plaintiff's appeal, and (ii) disclosed, for the first time, the alleged grounds for the suspension; to wit, (1) giving gift

certificates to local national employees, (2) taking an unauthorized discount from a Navy Exchange vendor, (3) accepting gifts of wine from vendors, and (4) making unauthorized special orders of wine. No supporting documents were provided.

(d) April 21, 2008, Plaintiff commenced this federal court action.

(e) On May 23, 2008, the Navy Exchange notified Plaintiff of the proposal to terminate his employment; and on July 1, 2008, the Exchange terminated Plaintiff's employment effective July 6, 2008.

(f) On July 14, 2008, Plaintiff filed, with the Navy, an administrative appeal of his termination.

(g) On July 25, 2008, Plaintiff amended his federal court complaint to, among other things, add his termination as a factual basis for his constitutional claims.

(h) On August 25, 2008, the Navy issued a decision on Plaintiff's administrative appeal of his termination. The decision rejected alleged grounds 2 and 3 [see para. (c) above] as sufficient bases for Plaintiff's termination, sustained grounds 1 and 4, and sustained Plaintiff's termination.

(i) On September 8, 2008, the date on which this opposition memorandum is filed, Plaintiff is sending to the Commander, Navy Exchange Service Command, his second, and final, administrative appeal of his termination.

Therefore, as of September 8, 2008, Plaintiff has fully exhausted his opportunities in the Navy Exchange's administrative appeal process, and is awaiting a final administrative decision. Moreover, if that final decision is issued prior to this Court's decision on Defendant's pending motion, and that final decision vacates Plaintiff's termination and reinstates him to his prior position, Plaintiff will request that this case be dismissed, and a ruling on Defendant's motion will be unnecessary. Also, a stay of any intended ruling on the pending motion until after issuance of the final administrative decision will satisfy Defendant's desire for "[j]udicial deferment to the agency's internal review mechanism" (Memorandum In Support of Motion To Dismiss First Amended Complaint, p. 9, lines 18-19).

POINTS AND AUTHORITY

Defendant's motion to dismiss the FAC is based on two arguments: (1) this court lacks subject matter jurisdiction over the FAC, and (2) the FAC fails to state a claim upon which relief may be granted. In Defendant's words, "this Court should dismiss the amended complaint with prejudice because it lacks subject matter jurisdiction and Plaintiff has not stated a claim for which relief can be granted" (Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's First Amended Complaint ["Memo in Support of Motion"], p. 4, lines 18-19). As shown herein below, both arguments lack merit.

**A. Plaintiff Is Entitled To Judicial Review Of His Colorable Constitutional Claims.**

Defendant concedes that, if the FAC alleges a colorable constitution claim, Plaintiff is entitled to judicial review of that claim in this federal district court. See Memo in Support of Motion, p. 5, heading at line 19 ("Plaintiff is not entitled to Judicial Review of an adverse personnel action, *except for colorable constitutional claims*" [emphasis added].). The rules of law supporting this concession were succinctly stated by the Ninth Circuit in *American Federation of Government Employees Local 1 v. Stone*, 502 F.3d 1027 (9th Cir. 2007):

> "When Congress decides to exclude an employee from the protections of the CSRA [Civil Service Reform Act] or an analogous scheme, . . ., [*United States v.*] *Fausto* precludes the employee from obtaining judicial review of statutory or regulatory claims. However, under *Webster* [*v. Doe*], the employee may still obtain judicial review of constitutional claims unless Congress, in addition to excluding the employee from the protections of the CSRA or an analogous scheme, has also expressly declared its intention to preclude review of constitutional claims" (502 F.3d at 1036).

Plaintiff did not have CSRA protection. And Defendant has cited no express declaration of Congressional intent to preclude judicial review of Plaintiff's constitutional claims.

Defendant relegates *Stone*, and its controlling authority, to a footnote on page 7 of the Memo in Support of Motion, and focuses instead on other cases, with mixed results, that are neither binding nor relevant in light of *Stone*.

**B. The Secretary Of The Navy Is An Appropriate Defendant In This Action.**

While conceding that Plaintiff is entitled to judicial review of colorable constitutional claims, Defendant contends that sovereign immunity prevents him, or the United States, from being sued to obtain that judicial review. See Memo in Support of Motion, pp. 4-5. The contention is in error, and inappropriately focuses on one legal principle, that is not applicable to this case, while ignoring another that is applicable. Moreover, Defendant fails to state, or even suggest, who might be the appropriate party to defend Plaintiff's colorable constitutional claims.

To preclude judicial review of a colorable constitutional claim the relevant burden is borne by the government to show a clear Congressional intent to preclude judicial review. There is no burden borne by the complaining party to show a Congressional intent to waive sovereign immunity. As the Supreme Court said in *Webster v. Doe*, 108 S.Ct. 2047 (1988), "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear," and "[w]e require this heightened showing in part to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim" (at 2053). See also *Stone, supra* at 1035; and Memo in Support of Motion, p. 7, lines 3-7.

The Third Circuit's response to a sovereign immunity contention in the face of colorable constitutional claims was direct and unequivocal: "Since there is no statute expressly precluding judicial review of colorable constitutional claims arising from NSA's security clearance procedure, sovereign immunity does not preclude judicial review of Stehney's constitutional claims" (*Stehney v. Perry*, 101 F.3d 925, 934 (3rd Cir. 1996).

Finally, there is certainly precedent for suing the head of the federal agency in cases such as the present one. In *Stone, supra*, the first named defendant was David M. Stone, the Administrator of the Transportation Security Administration. In *Webster v. Doe, supra*, the defendant was William H. Webster, Director of the Central Intelligence Agency.

**C. The FAC Alleges Colorable Constitutional Claims.**

In considering Defendant's motion to dismiss, the factual allegations in the FAC must be accepted as true. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) ("[W]hen ruling on a defendant's motion to dismiss, the judge must accept as true all of the factual allegations contained in the complaint."). The FAC alleges colorable constitutional claims that include, but are not necessarily limited to, the following.

The FAC alleges that the "Navy Exchange predetermined, prior to Plaintiff's suspension, that Plaintiff's employment would be terminated" (FAC, p. 4, lines 6-7). The FAC also contains several facts cited in support of this allegation. *Id* at p. 4, lines 7-11. Predetermination of the outcome violated Plaintiff's right to due process. As the Supreme Court stated in *Cleveland Bd. Of Educ. v. Loudermill*, 105 S.Ct. 1487 (1985),

> "The essential requirements of due process, and all that respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement" (at 1495)

See also *Matthews v. Harney County, Oregon, School District No. 4*, 819 F.2d 889, 893-894 (9th Cir. 1987) ("'Due process of law [is not present] where the state has gone through the mechanics of providing a hearing, but the hearing is totally devoid of a meaningful opportunity to be heard'" [citing *Washington v. Kirksey*]); *Bosede v. Mukasey*, 512 F.3d 946, 952 (7th Cir. 2008) ("Our reading of the administrative record leaves us convinced that the IJ cared little about the evidence and instead applied whatever rationale he could muster to justify a predetermined outcome.).

Also, the FAC notes that Plaintiff was suspended without pay for nearly two months before he was advised of the charges upon which the suspension was based. And he was advised of those charges in the same memorandum in which the Navy Exchange denied his appeal of the suspension. This lack of notice also violated due process. See *Loudermill, supra*. The corresponding failure to grant Plaintiff a prompt postsuspension opportunity to respond to the charges also violated due process. See *Gilbert v. Homar*,

117 S.Ct. 1807, 1814 (1997) (an issue noted by the Court was whether "petitioners violated due process by failing to provide a sufficiently prompt postsuspension hearing"); *Mustafa v. Clark County School District*, 157 F.3d 1169, 1177 (9th Cir. 1998).

Defendant has noted that Plaintiff had the right to grieve his suspension but did not do so. See Memo in Support of Motion, p. 3, line 6. However, since Plaintiff was neither advised of the charges against him nor provided the documents alleged to support those charges, his attempt to grieve his suspension would have been just as futile as was his attempt to appeal his suspension.

Finally, Defendant proposes that Plaintiff's due process claims are not colorable because they may be asserted in the Navy Exchange's administrative process. See Memo in Support of Motion, p. 9. Our response is two-fold. First, Defendant cites no legal authority of his proposal. Indeed, the authority set forth herein above, noting that a heightened showing is necessary to deny a *judicial forum* for constitutional claims, would tend to contradict the proposal. Second, as previously noted, Plaintiff has done his part in exhausting the Navy Exchange's administrative process, and he is awaiting a final administrative decision. We respectfully submit that judicial economy is best served at this time, not by dismissing this action, but by awaiting the final administrative decision. See *Yong v. I.N.S.*, 208 F.3d 1116, 1119-1120 (9th Cir. 2000) ("'[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case'").

Dated: September 8, 2008.

LLOYD EDWARD TOOKS

**/s/<u>LLOYD EDWARD TOOKS</u>**
Attorney for Plaintiff
TIMOTHY D'ANGELO